# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>WILMER ANTONIO MENDEZ,<br><br>Defendant. | No. CR 07-3024-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S APPEAL FROM MAGISTRATE JUDGE'S ORDER REGARDING COPIES OF SEALED DOCUMENTS** |

_____

This case is before me on defendant Wilmer Mendez's May 6, 2013, Motion For Leave Requesting Immediate Relief On Order Of The Magistrate Judge's Denial To Retrieve Seal[ed] Documentation (Appeal Of Magistrate Judge's Order) (docket no. 99), which I construe as an appeal from or objection to a magistrate judge's ruling on a non-dispositive matter within the meaning of Rule 59(a) of the Federal Rules of Criminal Procedure and N.D. IA. L. CR. R. 59. On March 14, 2013, Mendez filed a Motion To Request For Court Documents That Are Needed For Appeal Purpose (Motion Requesting Documents) (docket no. 95), in which he requested specific documents by docket number and "all sealed intries [sic]," on the ground that such documents "are needed for appeal purpose[s]." In an Order (docket no. 96), filed March 15, 2013, United States Magistrate Judge Leonard T. Strand denied that part of Mendez's Motion Requesting Documents seeking documents filed under seal, on the ground that Mendez "ha[d] not shown that he is entitled to receive copies of documents filed under seal," but granted his motion to the extent of directing the Clerk of Court to inform Mendez of the total charges for copies of non-sealed documents requested by

docket number and to provide copies of such documents upon receipt of payment from Mendez. In the Appeal Of Magistrate Judge's Order now before me, Mendez asserts that he should be provided with the sealed documents from his case (specifically, docket nos. 1, 4, 11, 45, 68, 70, 71, and 86), because those documents are "needed to re-open this case," as they will allow him to raise ineffective assistance of counsel claims and will "prevent a further and complete miscarriage of justice."

Rule 59(a) of the Federal Rules of Criminal Procedure provides that, on timely objections, filed within 14 days of the challenged order, a district judge may set aside any part of an order of a magistrate judge on a non-dispositive matter "that is contrary to law or clearly erroneous." FED. R. CRIM. P. 59(a); *see also* N.D. IA. L. CR. R. 59 (likewise providing that, on a timely objection, filed within 14 days of service of the order in question, the district court may seek review or reconsideration of a magistrate judge's order on a pretrial matter). Notwithstanding that I doubt that Mendez's Appeal Of Magistrate Judge's Order was timely filed, I find nothing in Judge Strand's March 15, 2013, Order that is either contrary to law or clearly erroneous.

Specifically, the sealed documents that Mendez requests are the criminal case cover sheet (docket no. 1); the warrant for his arrest (docket no. 4); the CJA appointment of counsel to represent him (docket no. 11); the minutes of his change-of-plea hearing, including the plea agreement as a sealed exhibit (docket no. 45); a second CJA appointment of counsel to represent him (docket no. 68); a copy of the Presentence Investigation Report (PSIR) (docket no. 70); the CJA voucher for payment of his counsel (docket no. 71); and a document erroneously filed in this case by the defendant in another case (docket no. 86). The only documents that could possibly have any relevance to a claim of ineffective assistance of counsel are the plea agreement and the PSIR. However, Mendez has neither an appeal nor a motion for *habeas* relief pursuant to 28 U.S.C. § 2255 pending. Consequently, I agree with Judge Strand that

2

Mendez "has not shown that he is entitled to receive copies of documents filed under seal." Order (docket no. 96).

THEREFORE, on defendant Wilmer Mendez's May 6, 2013, Motion For Leave Requesting Immediate Relief On Order Of The Magistrate Judge's Denial To Retrieve Seal[ed] Documentation (docket no. 99), construed as an appeal from or objection to a magistrate judge's ruling on a non-dispositive matter within the meaning of Rule 59(a) of the Federal Rules of Criminal Procedure and N.D. IA. L. CR. R. 59, I **affirm** Judge Strand's Order (docket no. 96) in its entirety, because neither the part of that Order denying Mendez copies of sealed documents, nor any other part of that order, is "contrary to law or clearly erroneous." FED. R. CRIM. P. 59(a).

**IT IS SO ORDERED**.

**DATED** this 26th day of June, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA